**In re Shirley MITCHELL, Debtor.**

**Bankruptcy No. 82–02378–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Jan. 19, 1983.

missed. Dismissal is with prejudice to the filing of any bankruptcy proceeding earlier than August 1, 1983.

Breger & Breger, North Miami Beach, Fla., for debtor.

Robert Roth, Trustee.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

THOMAS C. BRITTON, Bankruptcy Judge.

This debtor's chapter 13 plan proposes monthly payments of $592. The petition was prompted by a pending foreclosure which was scheduled for a summary judgment. The mortgage debt is presently $13,-595 in arrearage. It has been in default since July 1, 1980.

The debtor's income as a nurse is estimated to be $1,300 a month against estimated living expenses, including current mortgage payments, of $833, leaving a maximum estimated sum of $467 available to fund a plan.

It is obvious that the debtor cannot presently expect to support her plan and it is equally clear that the plan is insufficient to cure the present arrearage within a reasonable time, as is required by 11 U.S.C. § 1322(b)(5). I believe that a reasonable time as authorized by that provision would normally be not more than six months and under no circumstances in excess of 12 months. In this instance, it would take 32 months to pay the arrearage if every available estimated penny of the debtor's income (after deduction of the trustee's fee) were applied to this purpose.

Confirmation must be denied under § 1325(a)(1), (5)(B) and (6).

Notice was given that dismissal or conversion would be considered in the event that the plan is not confirmed. No purpose would be served by permitting amendment of the plan. Accordingly, this case is dis-